1  CURD, GALINDO & SMITH, L.L.P.
   JEFFREY B. SMITH, SBN 150095
2  301 East Ocean Boulevard, Suite 1700
   Long Beach, CA 90802
3  Telephone: (562) 624-1177
   Facsimile: (562) 624-1178
4  Email: jsmith@cgsattys.com

5

6  Attorneys for Plaintiffs
   San Fortunato Company, LP, Kish Company, Inc., and Jeannine M. Kilroy

7

8

9                  UNITED STATES BANKRUPTCY COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        LOS ANGELES DIVISION

12

13  In re: MICHAEL JOSEPH KILROY          )  Case No.: 2:15-bk-15708-RK
                                          )
14                                        )  Chapter 11
                                          )
          Debtor.                         )  Adversary Case No.: 2:16-ap-01273-RK
15  _____      )
                                          )
16  SAN FORTUNATO COMPANY, LP, a          )
    California Limited Partnership; KISH  )  PLAINTIFFS' NOTICE OF MOTION AND
17  COMPANY, INC., a California Corporation, )  MOTION FOR LEAVE TO FILE FIRST
    its General Partner; JEANNINE M. KILROY, )  AMENDED ADVERSARY COMPLAINT
18  an individual,                        )
                                          )
19                      Plaintiffs,       )  Hearing:
        v.                                )  Date: November 30, 2016
20                                        )  Time: 11:00a.m.
    MICHAEL JOSEPH KILROY, an individual; )  Place: Courtroom 1675
21  SAN FLORIANO COMPANY, LP, a           )         255 East Temple Street
    California Limited Partnership; TODOS  )         Los Angeles, CA 90012
22  SANTOS CORPORATION, a California       )
    Corporation; GRANDPOINT BANK, a       )
23  business entity, form unknown,        )
                                          )
24                      Defendants.       )
    _____      )
25

26      TO THE HON. ROBERT KWAN UNITED STATES BANKRUPTCY JUDGE, TO

27  THE DEBTOR AND DEFENDANT MICHAEL KILROY AND HIS ATTORNEYS OF

28  RECORD, AND TO INTERESTED PARTIES PLEASE TAKE NOTICE:

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

1      That on November 30, 2016 at 11:00 AM in Courtroom 1675 of the United States

2  Bankruptcy Court for the Central District of California located at 255 East Temple St., Los

3  Angeles, CA 90012, the Plaintiffs SAN FORTUNATO COMPANY, LP, KISH COMPANY,

4  INC., and JEANNINE M. KILROY will move the Court for an order pursuant to F.R.B.P., Rule

5  7015 and F.R.C.P., Rule 15(a)(2) for leave to amend the Complaint in the referenced Adversary

6  Proceeding.

7      PLEASE TAKE FURTHER NOTICE that  pursuant to Local Bankruptcy Rule 9013-1,

8  any party wishing to oppose the relief requested herein must file with the Court and serve on the

9  moving party written opposition and evidence in support of such opposition no later than 14 days

10  prior to the hearing set for the motion. Failure to timely file written opposition to the relief

11  requested herein can and will be deemed by the court to be consent to the relief requested in this

12  motion.

13

14  DATED: November 7, 2016          CURD, GALINDO & SMITH, L.L.P.

15

16

17                           Jeffrey B. Smith, Attorney for PLAINTIFFS

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

Motion for Leave to Amend

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA  90802
Ph: (562) 624-1177
Fx: (562)624-1178

# POINTS AND AUTHORITIES

## A. FACTS

The Plaintiffs JEANNINE KILROY, KISH COMPANY or SAN FORTUNATO COMPANY, LP ("PLAINTIFFS") sued the Debtor MICHAEL JOSEPH KILROY ("DEBTOR") seeking a determination that debts owed to the PLAINTIFFS are not dischargeable pursuant to 11 U.S.C. section 523(a)(2), (4) and (6).   PLAINTIFFS' complaint originally plead claims against the DEBTOR, as well as his wholly owned entities San Floriano Company, LP, Todos Santos Corporation ("Related Entities") and a third party Grandpoint Bank.  Causes of action as to non-debtor parties included claims to determine the rights of the parties related to a dispute over the ownership of real property (an apartment building) that the DEBTOR and his wholly owned entities assert are property of the estate.

The DEBTOR and Related Parties filed motions to dismiss the PLAINTIFF's complaint pursuant to FRBP Rule 12(b).   At or before September 13, 2016 all of the following have occurred:

1.  PLAINTIFFS have dismissed Defendant Grandpoint Bank without prejudice.  (See Docket # 52);

2.  The Court ABSTAINED pursuant to 28 U.S.C. section 1334(c)(1) from consideration of the Fifth, Sixth Seventh and Ninth Causes of Action.  (See Docket # 56, Page 2-3 Lines 26-28, 1-2, attached as Exhibit A);

3.  The Fourth Cause of Action was Dismissed without Prejudice (See Docket 56, Page 3 lines 3-6);

4.  The Court entered an Order for further briefing from the Plaintiffs as to the remaining three causes of action for non-dischargeability of debt (pursuant to sections 523(a)(2)(A), (4) and (6). (See Exhibit A, Docket # 56 Page 3, Lines 10-19);

5.  The Court set a hearing on the continued matters from the Motion to Dismiss for November 16, 2016 (See Exhibit A, Docket # 56 Page 3,  Lines 10-19);

6.  Plaintiffs have requested from the Defendant/Debtor leave to amend the Complaint

3

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

1  pursuant to F.R.B.P. Rule 7015 and F.R.C.P. Rule 15 to address the concerns raised

2  by the Defendant, which was denied.  Declaration of Jeffrey B. Smith, Page

3  Paragraph  ).

4  Plaintiffs have determined that they will abandon their claims for relief based on 11

5  U.S.C. section 523(a)(4) (fraud or defalcation in a fiduciary capacity, larceny or embezzlement)

6  and (6) (willful and malicious injury).

7  The Plaintiffs intend to proceed with their claims based on 11 U.S.C. section

8  523(a)(2)(A).  Taking into account the arguments made by the Defendant in his Motion to

9  Dismiss as to that claim, and more importantly the comments of the Court at proceedings on

10  September 13, 2016 regarding the pleading of particular elements of the remaining causes of

11  action as to non-dischrgeability, the Plaintiffs are willing to amend their complaint.

12  Particularly the Plaintiffs have prepared an Amended Complaint that:

13  1) deletes/removes all dismissed or abstained claims and parties;

14  2) abandons the second and third claims for relief (523(a)(4) and (6));

15  3) reduces the Complaint to two causes of action against a single party, and as to

16  individual sub-elements of section 523(a)(2)(A) the Debtor; and

17  4) adds significant additional factual allegations in support of that cause of action and

18  with particular reference to the elements of a claim under that section.

19  A copy of the proposed First Amended Complaint is attached hereto as Exhibit "B"[1].  A

20  "red line version" of the First Amended Complaint is also attached as Exhibit "C" to assist the

21  Court and the parties to see exactly what the Plaintiffs have deleted and added.  The Complaint

22  in this case has not previously been amended.

23  In addition to "cleaning up" the pleading by omitting dismissed, abstained from and/or

24  abandoned claims, significant detailed factual and legal allegations to support the legal and

25  factual elements of section 523(a)(2)(A) have been **_added_** at paragraphs 54 to 58 and 60 to 62.

26

27

28

---

[1] The Exhibits to the proposed Amended Complaint are omitted here.  They are the same as attached to original complaint and voluminous.

Motion for Leave to Amend

**B. AUTHORITIES/ARGUEMENT**

F.R.B.P., Rule 7015 incorporates F.R.B.P., Rule 15 into bankruptcy adversary cases. Leave of court, or opposing party permission to amend a complaint is required if a responsive pleading plus 21 days has passed.  F.R.C.P., Rule 15(a)(1) & (2).  That is the case here. Permission to amend in this matter was requested and denied.

F.R.C.P., Rule 15(a)(2) states that: "The court should freely give leave when justice so requires".

Leave to amend is within the sound discretion of the trial court.  The policy behind Rule 7015 is that of allowing amendment to pleadings to cure deficiencies where justice requires and there is no evidence of bad faith.  *In re Jenkin*, 83 B.R. 733, 735 (9th Cir. BAP, 1988); *In Schwartzmann*, 63 B.R. 348, 359 (Bkrtcy., S.D.Ohio, 1986).

Plaintiffs here are not requesting leave to amend in bad faith.  Defendant has asserted certain deficiencies in the pleadings by way of a pending motion to dismiss.  Plaintiffs risk the granting of that motion and the request for leave to amend and another motion to dismiss, at substantial expense to the estate and the Plaintiffs.  While the Plaintiffs believe that the section 523(a)(2)(A) claims are properly plead in the current complaint, they admit that they are also able to amend to add facts and break down the elements of those claims with additional particularity.

> "The requirements of liberal construction and of notice pleading, subject to liberal amendment and clarification during the pre-trial phase, apply equally in bankruptcy as in general civil practice. [citation omitted]
> ...
> We have repeatedly reversed dismissals of deficient complaints that have over emphasize technical rules of pleading without accommodating the process that provides generous opportunities to cure pleading defects."

*Yadidi v. Herzlich (In Re Yadidi),* 274 B.R. 843, 849 (9th Cir. BAP, 2002).

In the instant case the Defendant has asserted that the existing complaint fails to state a cause of action as to the elements of 11 U.S.C. section 523(a)(2)(A).  As an alternative to extensive pleading, which may or may not lead to further amendment, the Plaintiffs seek to take the practical and less costly approach of amending their complaint to take into account those arguments preemptively.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

1      The Plaintiffs are uncertain as to why the Defendant would not stipulate to leave to file

2 this Amended Complaint. It is not particularly relevant, other than leave by agreement was

3 requested and denied, so that leave of court is required by rule.

4 **C. CONCLUSION**

5      FRBP Rule 7015, applies FRCP, Rule 15 in this court. The Rule itself says that leave to

6 amend should be freely given. Absent a showing of bad-faith or prejudice to the opposing party

7 leave to amend should be liberally granted when requested. Disallowance of leave to amend is

8 commonly found to be reversible error. The Plaintiffs here have determined that amendment of

9 their complaint to omit some claims, and add facts and legal elements to others in response to a

10 pending Motion to Dismiss should be allowed.

11

12 DATED: November 7, 2016          CURD, GALINDO & SMITH, L.L.P.

13

14

15                            Jeffrey B. Smith, Attorney for PLAINTIFFS

16

17

18

19

20

21

22

23

24

25

26

27

28

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

1. I Jeffrey B. Smith to declare and state as follows:

2. That I am an attorney duly licensed to practice law in all of the courts of the State of California and the United States District Court for the Central District of California. I am Certified by the State Bar of California as a Specialist in Bankruptcy.

3. I represent Jeannine Kilroy, Kish Company, Inc. and San Fortunato Company, LP in the referenced bankruptcy case and adversary proceeding.

4. After a hearing on September 13, 2016 this Court entered an Order on September 23, 2016 Docket # 56, (attached hereto as Exhibit A for the Court's convenience) in this Adversary Proceeding, requiring the Plaintiffs to provide supplemental briefing regarding the three causes of action in the instant adversary case that are related to non-dischargeability of debts pursuant to 11 U.S.C. section 523.

5. In the same Order, and pursuant to hearings which occurred on the same day (9/13/16) the Court abstained from hearing several other causes of action against the Debtor and non-Debtor parties (which were included in the original complaint) and dismissed one cause of action (4th) without prejudice. Plaintiffs had previously dismissed one party (Grand Point Bank) and causes of action related to that party, voluntarily.

6. After research related to the remaining three causes of action pursuant to 11 U.S.C. section 523(a)(2)(A), and (4) and (6), and taking into account discussions in open court on September 13 as well as the Court's Order for supplemental briefing related to those causes of action, I have determined that the Plaintiffs' complaint should be amended. I have prepared a first Amended Complaint.

7. On October 18, 2016 I had a telephone conversation with the Debtor/Defendant's attorney David Neale. During the course of that conversation I requested Mr. Neale's

7

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

consent to file a First Amended Complaint pursuant to F.R.B.P Rule 15(a)(2) as an alternative to further briefing and motion practice by the parties.  Mr. Neale indicated that he would contact his client, and get back to me regarding that request.

8.   Later on October 18, 2016, Mr. Neale sent me an email which I understood to decline consent for the plaintiffs to file a cross-complaint. To be certain I sent a confirming email to Mr. Neale. On October 19, 2016 Mr. Neale confirmed in writing that the debtor/defendant would **not consent** to the plaintiffs filing of an Amended Complaint.

9.   The current complaint before the Court has **not** previously been amended.

10. Attached hereto as B is the Plaintiffs' proposed first Amended Complaint.

11. Attached hereto as Exhibit C is a red line version of that complaint showing changes from the original complaint, to assist the court and parties in seeing proposed revisions.

12. I voluntary promised to file with the Court a Motion for Leave to File a First Amended Complaint that I intended to set for hearing November 16, 2016.  (See Docket # 58, page 10).

13. In order to complete the proposed Amended Complaint however I was unable to finish revisions before October 26, 2016 which would have been the deadline for filing this motion to have it heard on November 16, 2016.

14. I am setting this Motion for November 30, 2016 as that is a day where the parties are already in court on Kilroy related Chapter 11 matters.

///

Motion for Leave to Amend

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

1   I declare under penalty of perjury that the foregoing is true and correct pursuant to loss of the

2   United States of America. I could and would competently testify to the contents of this

3   declaration if called upon to do so in a court of law. Executed this 7th day of November 2016 at

4   Long Beach, California

5

6

7

8

9          Jeffrey B. Smith

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category 1. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

301 E. Ocean Blvd., Suite 1700
Long Beach, CA 90802

A true and correct copy of the foregoing document described as PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED ADVERSARY COMPLAINT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")-** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 11/9/16, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

- **Christopher D Crowell**   ccrowell@frandzel.com, dmoore@frandzel.com
- **Michael G Fletcher**   mfletcher@frandzel.com, sking@frandzel.com
- **John-Patrick M Fritz**   jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- **David L. Neale**   dln@lnbyb.com
- **Lewis K Stevenson**   lstevenson@lawinmb.com, spost@lawinmb.com;jgeist@lawinmb.com;fguerra@lawinmb.com;rperkins@lawinmb.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Annie Verdries**   verdries@lbbslaw.com, Autodocket@lbbslaw.com

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL (**indicated method for each person or entity served):
On 11/9/16, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the following document is filed.

Honorable Robert Kwan
255 E. Temple Street Suite 1682
Los Angeles, CA 90012

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (**indicate method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _11/9/16_ | Valerie Phillips | |
|---|---|---|
| Date | Type Name | Signature |

EXHIBIT A

1  DAVID L. NEALE (SBN 141225)
   JOHN-PATRICK M. FRITZ (SBN 245240)
2  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
3  Los Angeles, California 90067
   Telephone: (310) 229-1234; Facsimile: (310) 229-1244
4  Email: DLN@LNBYB.COM; JPF@LNBYB.COM

5  Attorneys for Defendant and
   Debtor and Debtor in Possession
6

7

8              UNITED STATES BANKRUPTCY COURT
9               CENTRAL DISTRICT OF CALIFORNIA
                    LOS ANGELES DIVISION

10 In re:                                  )  Case No.: 2:15-bk-15708-RK
11                                          )
      MICHAEL JOSEPH KILROY,                )  Chapter 11 Case
12                                          )
          Debtor and Debtor in Possession  )  Adversary Case No. 2:16-ap-01273-RK
13                                          )
14 _____ )  ORDER RE MOTION: (1) TO DISMISS
                                            )  COMPLAINT PURSUANT TO RULE
15  SAN   FORTUNATO   COMPANY,   LP,   a    )  12(b) OF THE FEDERAL RULES OF
   California    Limited    Partnership;  KISH  )  CIVIL PROCEDURE; (2) TO ABSTAIN
16 COMPANY, INC., a California Corporation, its  )  PURSUANT TO 28 U.S.C. § 1334; OR (3)
   General Partner; JEANNINE M. KILROY, an  )  FOR      MORE      DEFINITIVE
17 individual,                               )  STATEMENT PURSUANT TO RULE
                                            )  12(e) OF THE FEDERAL RULES OF
18               Plaintiffs,                 )  CIVIL PROCEDURE
19 v.                                        )
                                            )
20 MICHAEL JOSEPH KILROY, an individual;  )  Hearing:
21 SAN FLORIANO COMPANY, LP, a California  )  Date:   September 13, 2016
   Limited   Partnership;  TODOS   SANTOS  )  Time:   3:00 p.m.
22 CORPORATION, a California Corporation;  )  Place:  Courtroom 1675
   GRANDPOINT BANK, a business entity, form  )         255 East Temple Street
23 unknown,                                  )         Los Angeles, CA 90012
                                            )
24               Defendants.                 )
25 _____ )

26

27

28

                         1

1    A hearing was held on September 13, 2016 at 3:00 p.m. before the Honorable Robert

2    Kwan, United States Bankruptcy Judge for the Central District of California, Los Angeles

3    Division, in his Courtroom "1675" located at 255 East Temple Street, Los Angeles, California,

4    to consider the *Motion: (1) to Dismiss Complaint Pursuant to Rule 12(b) of the Federal Rules of*

5    *Civil Procedure; (2) to Abstain Pursuant to 28 U.S.C. § 1334; or (3) for More Definitive*

6    *Statement Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure* (the "Debtor's

7    Motion") [docket entry no. 16] filed by Michael Joseph Kilroy, the debtor and the debtor in

8    possession in the above-captioned chapter 11 bankruptcy case (the "Debtor") and one of the

9    defendants in the above-captioned adversary proceeding, and a similar motion (the "Corporate

10   Motion," and, together with the Debtor's Motion, the "Motions to Dismiss") filed by San

11   Floriano Company, LP and Todos Santos Corporation (collectively, the "Corporate

12   Defendants") [docket entry no. 18].  Appearances were as noted in the record.  Any terms not

13   defined herein have the meanings ascribed to them in the Motions to Dismiss.

14        Upon consideration of the Motions to Dismiss, the requests for judicial notice in support

15   thereof [docket entry nos. 17, 19], the oppositions to the Motions to Dismiss (collectively, the

16   "Oppositions") filed by San Fortunato Company, LP, Kish Company, Inc. and Jeannine M.

17   Kilroy (collectively, the "Plaintiffs") [docket entry nos. 32, 34] and Plaintiffs' request for

18   judicial notice [docket entry no. 33], the Debtor's and the Corporate Defendants' respective

19   replies to the Oppositions [docket entry nos. 49, 50], it appearing that notice of the hearing on

20   the Motions to Dismiss was proper and adequate under the circumstances, and based upon the

21   arguments and representations of counsel at the hearing, the Court having stated its findings of

22   fact and conclusions of law on the record at the hearing, which findings and conclusions are

23   incorporated herein by this reference, and other good cause appearing therefor, it is hereby

24        ORDERED, that the Motions to Dismiss are granted in part and denied in part, as set

25   forth herein; and it is further

26        ORDERED, that the Court hereby abstains under 28 U.S.C. § 1334(c)(1) from

27   consideration of the Fifth, Sixth, Seventh and Ninth Claims for Relief in the Complaint (the

28   "State Law Claims"), the Court does not reach the merits of abstention under 28 U.S.C. §

1    1334(c)(2) as to the State Law Claims, and the Court does not reach the merits of the Motions to

2    Dismiss as to the State Law Claims; and it is further

3         ORDERED, that, to the extent the Motions to Dismiss requested dismissal of the

4    Complaint, the Motions to Dismiss are hereby denied; provided, however, that the Debtor's

5    Motion seeking dismissal of the Fourth Claim for Relief is granted, and that Claim for Relief is

6    hereby dismissed without prejudice; and it is further

7         ORDERED, that, by virtue of the Court's decision to permissively abstain from

8    consideration of the State Law Claims, the Corporate Defendants are no longer parties to this

9    adversary proceeding; and it is further

10        ORDERED, that the Court reserves ruling on the Debtor's Motion as it relates to the

11   First, Second and Third Claims for Relief (the "Non-Dischargeability Claims"), and the hearing

12   on the Debtor's Motion as it relates to the Non-Dischargeability Claims is hereby continued to

13   November 16, 2016 at 11:00 a.m.; and it is further

14        ORDERED, that by October 19, 2016, Plaintiffs shall file a supplemental brief with

15   respect to the Non-Dischargeability Claims, in which Plaintiffs shall identify which specific

16   allegations of the Complaint relate to each of the separate Non-Dischargeability Claims and the

17   elements of each and demonstrate that the Complaint plausibly sets forth such claims for relief

18   as required by *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) and *Bell*

19   *Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007); and it is further

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

1    ORDERED, that by November 2, 2016, the Debtor shall file a supplemental brief to

2 address the matters raised in the Plaintiffs' supplemental brief; and it is hereby

3    ORDERED, that the Status Conference in this adversary proceeding is hereby continued

4 to November 16, 2016 at 11:00 a.m., and the Court hereby dispenses with the need for a joint

5 status report in advance of that continued hearing date.

6                                        # # #

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
Date: September 23, 2016

25
                                    Robert Kwan
26                                  United States Bankruptcy Judge

27

28

                                        4

# EXHIBIT B

CURD, GALINDO & SMITH, L.L.P.
Jeffrey B. Smith SBN 150095
301 East Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Telephone: (562) 624-1177
Facsimile: (562) 624-1178
Email: jsmith@cgsattys.com

Attorneys for Plaintiffs

UNITED STATES BANKRUPTCY C0OURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| **In re:** | **Case No.: 2:15-bk-15708-RK** |
| **Michael Joseph Kilroy,** | **Adv. Case No.: 2:16-ap-01273-RK** |
| | **FIRST AMENDED COMPLAINT FOR:** |
| **Debtor.** | 1. **Non-Dischargeability, 11 U.S.C. 523(a)(2)(A);** |
| | 2. **Non-Dischargeability, 11 U.S.C. 523(a)(2)(A)** |
| **San Fortunato Company, LP, a California Limited Partnership; KISH Company Inc., a California Corporation, its General Partner; Jeannine Kilroy, an individual Plaintiffs,** | |
| **v.** | |
| **Michael Joseph Kilroy, an individual Defendants.** | **Honorable Robert Kwan, United States Bankruptcy Judge** |

PLAINTIFFS allege:

## THE PARTIES

1. Plaintiff San Fortunato Company, LP ("FORTUNATO") is a California Limited Partnership, organized and existing under the laws of the State of California.

2. Plaintiff KISH Company, Inc ("KISH") is a California Corporation with its principal place of business in Belmont, California.

3. KISH owns a 1% equity interest in FORTUNATO.

1

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

4.  Plaintiff KISH is the general partner of Plaintiff FORTUNATO, and has been its general partner since January 1, 2012.

5.  Plaintiff Jeannine Kilroy ("JK") is an individual residing in the county of San Mateo, State of California.

6.  JK is the owner of all of the limited partnership interests in FORTUNATO (which constitutes 99% of FORTUNATO's equity interest), since January 1, 2012.

7.  JK is the owner of 100% of the shares of KISH, and is its President.

8.  Collectively, JK, KISH and FORTUNATO are referred to herein as "PLAINTIFFS".

9.  Defendant Michael Kilroy ("MK" or "DEBTOR") is an individual residing in the county of Los Angeles, State of California.  MK is the Debtor in the Chapter 11 case filed April 13, 2015, case number 2:15-bk-15708-RK, now pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, (the "Bankruptcy Case").

10. San Floriano Company, LP ("Floriano") is a limited partnership duly organized and existing under the laws of the State of California.

11. Todos Santos Corporation ("Todos Santos") is a California Corporation, with its principal offices in Los Angeles County, California.

12. PLAINTIFFS are informed and believe that MK owns all of the limited partnership interests of Floriano which constitute 99% of the equity of Floriano.

13. PLAINTIFFS are informed and believe that MK owns 100% of the shares of Todos Santos, and is its President.

14. PLAINTIFFS are informed and believe that Todos Santos owns 1% of the equity interest of Floriano and is Floriano's general partner.

15. PLAINTIFFS are informed and believe and that at all times referenced herein, MK controls all of the operations of Todos Santos, and through Todos Santos, controls all of the operations of Floriano.

16.

17. JK and MK are sister and brother.  Their parents are Eugene and Ruth Kilroy, who are not parties to this case.

## JURISDICTION AND VENUE

18. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. section 1334 and the reference order of the United States District

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

Court for the Central District of California. This adversary proceeding relates to the Chapter 11 case of Michael Joseph Kilroy Case # 2:15-bk-15708-RK, now pending in this Court in the Central District of California Los Angeles Division.

19. This matter is a "core proceeding" as defined in 28 U.S.C. section 157(b), or in the alternative is "related to a case under title 11" as set forth in 28 U.S.C. section 157(c).

20. Venue herein is proper pursuant to the provisions of 28 U.S.C. section 1409.

## FACTUAL BACKROUND

21. PLAINTIFFS are informed and believe that between December 14, 2001 and until December 31, 2011, MK was the owner of all of the limited partnership interests in FORTUNATO.

22. PLAINTIFFS are informed and believe that between December 14, 2001 and until January 1, 2012, Todos Santos was the General Partner of FORTUNATO.

23. FORTUNATO has been the owner of the real property located at 343 Autumn Drive, San Marcos, CA, (the "Property") since it acquired the Property on December 31, 2001. The Property consists of a 57 unit income producing apartment complex generally known as the "Mission View Apartments".

24. In about November 2011 MK approached Plaintiff JK and their parents Eugene and Ruth, asking for a $2,000,000 (two million dollar) personal loan. MK stated that the purpose of the loan was to repay substantial secured loans that had become due to Redwood Mortgage, and to resolve a pending litigation matter. MK advised JK, and Eugene & Ruth that Redwood Mortgage was holding deeds of trust on three apartment buildings: 1) the Property (owned by FORTUNATO), 2) the "Garden View Apartments" located at 250 S. Rose Street, Escondido, CA (owned and/or controlled by MK through San Pio V Company, LP); and 3) "Jurupa Royale Apartments" located at 4747 Jurupa Royale, Riverside, CA (owned and controlled by MK through San Timoteo Company, L.P.).

25. JK, Eugene & Ruth declined MK's request for a loan of $2.0M.

26. However, after some negotiation JK, Eugene and Ruth on the one hand, and MK on the other hand, agreed that MK would ***sell*** all of his interest as a limited partner in FORTUNATO to JK, Eugene and Ruth, ***and*** MK would cause Todos Santos to sell its 1% general partnership interest in FORTUNATO to KISH, all for the total sum of **$2,195,206** (Two-Million One Hundred Ninety Five Thousand Two Hundred and Six Dollars).

3

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

27. During November and December 2011 and in January 2012, MK represented, orally and in writing, that he would SELL all of his interest in FORTUNATO to Plaintiff JK and Eugene and Ruth.

28. During November and December 2011 and in January 2012, MK represented, orally and in writing, that he would cause Todos Santos to SELL all of its interest in FORTUNATO to Plaintiff KISH.

29. On January 1, 2012 MK did in fact sell all of his limited partnership equity interest FORTUNATO to JK, Eugene and Ruth for **$2,173,254** (Two Million One Hundred Seventy Three thousand Two Hundred Fifty Four Dollars). Attached as Exhibit A is a true and correct copy of the ASSIGNMENT OF LIMITED PARTNERS INTEREST, signed by MK, JK, Eugene & Ruth.

30. On January 1, 2012, MK as President and sole owner Todos Santos caused Todos Santos to sell all of its general partner equity interest in FORTUNATO to KISH for the amount of **$21,952** (Twenty One Thousand Nine Hundred Fifty two Dollars). Attached as Exhibit B is the RESIGNATION OF GENERAL PARTNER AND ASSIGNMENT OF PARTNERSHIP INTEREST whereby MK caused Todos Santos to sell and transfer all of its interest in FORTUNATO to KISH.

31. MK caused Todos Santos to resign as the general partner of FORTUNATO as of January 1, 2012, as evidenced in Exhibit B.

32. From January 1, 2012 to present, MK has owned no interest in FORTUNATO, and from January 1, 2012 Todos Santos has not held any interest in or right to control the activity of FORTUNATO.

33. JK, KISH and Eugene and Ruth paid valuable consideration of **$2,195,206** (Two Million One Hundred Ninety Five Thousand Two Hundred Six Dollars) to MK and/or Todos Santos, (or at their direction), for the purchase of all of MK's and Todos Santos' equity interests in FORTUNATO. Attached as Exhibit C is evidence **$2,195,206** (Two Million One Hundred Ninety Five Thousand Two Hundred Six Dollars), in checks written by JK, KISH and/or Eugene & Ruth to Redwood Mortgage on the accounts of various loans owed by MK or entities controlled by MK, to repay loans on apartment properties owned or controlled by MK. Exhibit C is the evidence of *actual payment* of the purchase price for all of MK's and TODOS SANTOS's equity in FORTUNATO.

4

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

34. In 2012, JK purchased from Eugene & Ruth, for $400,000, all of Eugene and Ruth's interest in FORTUNATO, effective January 1, 2012. From January 2012 to present, JK has been the **sole and exclusive owner of all of the limited partnership equity interests** of FORTUNATO (99% of the equity in that entity).

35. Since January 1, 2012 KISH has been the owner of 1% of the equity in FORTUNATO and has been and is its general partner, with the **sole and exclusive authority** to control the activity of FORTUNATO.

36. In January, 2014 MK, without the knowledge or consent of Plaintiffs JK, FORTUNATO or KISH, and with the intent to defraud JK, FORTUNATO and KISH out of substantial sums of money, did enter into a series of actions and transactions with regard to the Property as follows.

37. MK executed a Grant Deed, a copy of which is attached as Exhibit D, recorded on January 28, 2014, recorder's instrument # 2014-0036372 purportedly on behalf of FORTUNATO, by Todos Santos, as its alleged and purported general partner, purportedly conveying the Property from FORTUNATO to himself as an individual.

38. At the time of the execution and recording of this Grant Deed (Exhibit D), MK knew that Todos Santos was not the general partner of FORTUNATO. MK knew that TODOS SANTOS had resigned as FORTUNATO's general partner in January 2012, two years earlier (see Exhibit B).

39. At the time of the execution and recording of this Grant Deed (Exhibit D) MK knew that he no longer owned any legal or equitable interest in FORTUNATO and that he had no authority to act on behalf of FORTUNATO, and that neither JK, KISH nor FORTUNATO did or would consent to any transfer of the Property from FORTUNATO to him.

40. The transfer referenced in Exhibit D, constitutes: 1) an *ultra vires* act by MK, 2) forgery (to the extent that it purports to be a valid act on behalf of FORTUANTO), 3) actual fraud, and 4) conversion of FORTUNATO's asset.

41. At the time of this fraud the PLAINTIFFS are informed and believe that the Property had equity in excess of $1.5M, and that the entity FORTUNATO therefore had value in excess of $1.5M. PLAINTIFFs are informed and believe that MK paid no consideration of any kind to FORTUNATO or any Plaintiff for this unauthorized transfer.

First Amended Complaint

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

42. The same day, January 28, 2014 and in a subsequent but substantially contemporaneous transaction, MK transferred the Property to Floriano. A true and correct copy of the Grant Deed from MK to Floriano is attached as Exhibit E, county Recorder's instrument # 2014-0036373. The transfer from MK to Floriano was a continuing act of fraud and deceit by MK who, at the time of the alleged transfer referenced in Exhibit E owned or controlled all of the limited partnership equity in Floriano and all of the equity in its general partner Todos Santos.

43. Since MK's acquisition of the Property was void for the reasons stated herein, the PLAINTIFFS allege that the purported transfer referenced in Exhibit E from MK to Floriano, referenced in Exhibit E, constitutes: 1) forgery (to the extent that it purports to be a valid transfer from MK to Floriano of an interest in the Property), 2) actual fraud, and 3) conversion of FORTUNATO's asset. MK's transfer of the Property from himself to Floriano was in furtherance of his actual fraud and intended to divest FORTUNATO of its assets, and to place the Property beyond the reach of the Plaintiffs who are the rightful owners of the Property..

44. ***The same day***, January 28, 2014, and in a concurrent and substantially contemporaneous transaction, MK caused TODOS SANTOS and Floriano to enter into a borrowing transaction whereby Floriano did borrow from American West Bank the sum of $5,550,000 (Five Million Five Hundred thousand Dollars). MK, Todos Santos and Floriano executed a Promissory Note and Deed of Trust, copies of which are attached hereto as Exhibits F & G respectively, whereby Floriano did purportedly use the Property as collateral for the $5,550,000 loan from American West Bank. Exhibit H, recorder's instrument # 2014-0036374 is the recorded Deed of Trust that purports to create a lien on the Property in the amount off $5,550,000 in favor American West Bank. Floriano was not the lawful or equitable owner of the Property because Floriano's purported ownership of the Property was acquired by fraud and without the consent of the true owner of the Property, FORTUNATO. At the time of this transaction, and all of the transactions that occurred on January 28, 2014 MK knew that Floriano was not the owner of the Property, that it had obtained title to the Property in a series of transactions orchestrated by MK to defraud the PLAINTIFFS. MK entered into these transactions with the intent to gain financial advantage from the Property for his own benefit through the borrowing transaction with American West Bank.

45. Attached as Exhibit I is a true and correct copy of the "Borrowers Final Settlement Statement", prepared by First American Title Company on January 28, 2014. At the time of the MK fraudulent transfers and borrowing transactions that occurred on January 28, 2014, PLAINTIFFs are informed and believe that MK and/or Floriano did receive a distribution of at least **$767,184.70** (Seven Hundred Thousand One Hundred Eighty Four Dollars and Seventy Cents) from the fraudulent loan transaction described herein.

46. PLAINTIFFS are informed and believe that the prior to the fraudulent transfers and borrowing transactions that occurred on January 28, 2014, FORTUNATO owed JP Morgan Chase the sum of $4,627,287.13 on a promissory note secured by the Property. As a result of the fraudulent transfers and borrowing transactions that occurred and were orchestrated by MK on January 28, 2014, the Property was purportedly no longer owned by FORTUNATO, its true owner, and was purportedly encumbered by a loan, secured by a Deed of Trust in the amount of $5,550,000. The total equity drain on the Property is not less than **$922,712.87**.

47. No PLAINTIFF received any of the benefits of this loan transaction or the distribution of funds evidenced in Exhibit I. No PLAINTIFF consented to or had prior knowledge of the transfers or loan transaction on January 28, 2014, before they occurred.

48. A result of the unauthorized fraudulent transactions described herein, PLAINTIFFS have been damaged in amount according to proof at trial, but not less than **$922,172**, ___and___ until such time as the Property is returned to its true owner FORTUNATO, the loss of any equity in the Property, estimated at no less than **$1.5M**, but according to proof at trial.

49. MK has asserted in pleadings in his bankruptcy case, including but not limited to his Disclosure Statement filed August 25, 2016 (Case # 2:15-bk-15708-RK Docket # 273, page 24 lines 3-5) that: "Neither the Debtor nor Todos Santos sold their partnership interests in [FORTUNATO] to [JK] or Kish. The Debtor took a loan from [JK] secured by [MK's] and Todos Santos' partnership interests in [FORTUNATO] in January 2012".

50. To the extent that MK contends that the relationship between himself and Todos Santos on the one hand, and JK and KISH on the other was that of borrower and lender, not seller and purchaser, then the representations, oral and in writing made in November and December 2011 and in January 2012 by MK to PLAINTIFFS, including but not limited to the signing of Exhibits A and B were made with false pretenses, and constituted false representations.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

7

51. JK, individually and on behalf of KISH relied on the representations of MK that he was SERLLING his interest in FORTUNATO to her, and on his representation as the President of Todos Santos that Todos Santos was selling its interest in FORTUNATO to KISH.

52. Had JK or KISH known that MK intended the purchase transactions to be a "loan" they would not have paid the total sum of **$2,195,206** to MK in January 2012.

## FIRST CAUSE OF ACTION

(Against MK, For Non-Dischargeability of Debt Pursuant to 11 U.S.C. section 523(a)(2)(A))

53. PLAINTIFFS reallege paragraphs 1-52 as set forth fully herein at length.

54. On January 28, 2014 MK obtained the Property by actual fraud. He caused the Property to be allegedly transferred from FORTUNATO to himself, knowing that Todos Santos sold its interest in FORTUNATO to KISH and Todos Santos had resigned as the general partner of FORTUNATO two years earlier. He caused the Property to be allegedly transferred from FORTUNATO to himself, knowing that he had sold all of his limited partnership interests to JK, two years earlier.

55. Any subsequent transfers of the Property and borrowing transactions related to the Property as set forth herein were done in furtherance of MK's actual fraud.

56. PLAINTIFFS have been damaged to the extent that the value of the Property, including its profits have been fraudulently appropriated by MK, in an amount according to proof at trial.

57. PLAINTIFFS are concurrently seeking return of the title to the Property to FORTUNATO in the Superior Court of the County of San Diego.

58. PLAINTIFFS are entitled to a judgment pursuant to 11 U.S.C. section 523(a)(2)(A) in the amount of the value of the Property at trial less encumbrances that existed at the time of MK's fraudulent transfer of the Property to himself then Floriano, in amount to be determined at trail, and that such debt is determined not discharged.

## SECOND CAUSE OF ACTION

(Against MK, For Non-Dischargeability of Debt Pursuant to 11 U.S.C. section 523(a)(2)(A))

59. PLAINTIFFS reallege paragraphs 1-52 as set forth fully herein at length.

60. MK has asserted that the January 2012 transactions between himself and Todos Santos on the one hand and JK and KISH on the other were that of borrower and lender. JK and KISH deny that the relationship was that of borrower and lender.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

8

61. If MK intended that the transactions in January 2012 were to be that of lender and borrower, then his representations in November and December 2011 and January 2012 to JK and KISH that MK and Todos Santos were selling to JK and KISH their interest(s) in FORTUNATO, were false, were known to be false by MK when made, and made by MK with the intent to deceive and defraud JK and KISH.

62. In reliance on the false pretenses and false representations of MK, JK and KISH did pay to MK and Todos Santos, in January 2012 the sum of **$2,195,206** (Two-Million One Hundred Ninety Five Thousand Two Hundred and Six Dollars).

63. PLAINTIFFS are entitled to a judgment pursuant to 11 U.S.C. section 523(a)(2)(A) in the amount of **$2,195,206** (Two-Million One Hundred Ninety Five Thousand Two Hundred and Six Dollars), and that such debt is to be determined to be not discharged pursuant to 11 U.S.C. section 523(a)(2)(A).

WHEREFORE, PLAINTIFFS seek judgment against Defendant MK as follows:

On the First and Second Causes of Action:

1. For a money judgment against Defendant MK in an amount according to proof at trial;

2. For a determination that said money judgment is not dischargeable pursuant to 11 U.S.C. 523;

3. For such other relief as the Court deems just and proper;

CURD, GALINDO & SMITH

By: Jeffrey B. Smith, Attorney for PLAINTIFFS

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

# EXHIBIT C

CURD, GALINDO & SMITH, L.L.P.
Jeffrey B. Smith SBN 150095
301 East Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Telephone: (562) 624-1177
Facsimile: (562) 624-1178
Email: jsmith@cgsattys.com

Attorneys for Plaintiffs

UNITED STATES BANKRUPTCY C0OURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: **2:15-bk-15708-RK** |
| **Michael Joseph Kilroy,** | Adv. Case No.: <u>2:16-ap-01273-RK</u> |
| **Debtor.** | <u>**FIRST AMENDED** COMPLAINT FOR:</u> |

**1.  Non-Dischargeability, 11 U.S.C. 523(a)(2)(A);**
~~1.~~2.  ~~Non-Dischargeability, 11 U.S.C. 523(a)(2)(A)~~
~~2.  Non-Dischargeability, 11 U.S.C. 523(a)(4);~~
~~3.  Non-Dischargeability, 11 U.S.C. 523(a)(6);~~
~~4.  Objection to Discharge, 11 U.S.C 727~~
~~5.  Set Aside A Fraudulent Conveyance;~~
~~6.  Determine an Interest or Validity of an Interest in Property of the Estate F.R.B.P. 7001;~~
~~7.  Quiet Title-Fraud~~
~~8.  Quiet Title-Negligence~~
~~9.  Quiet Title-Ultra Vires Acts~~

**San Fortunato Company, LP, a California Limited Partnership; KISH Company Inc., a California Corporation, its General Partner; Jeannine Kilroy, an individual Plaintiffs,**

v.

**Michael Joseph Kilroy, an individual**~~; San Floriano Company, LP, a California Limited Partnership; Todos Santos Corporation, a California Corporation; Grandpoint Bank, a business entity, form unknown~~

**Defendants.**

**Honorable Robert Kwan, United States Bankruptcy Judge**

PLAINTIFFS allege:

## THE PARTIES

1.  Plaintiff San Fortunato Company, LP ("FORTUNATO") is a California Limited Partnership, organized and existing under the laws of the State of California.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

2.  Plaintiff KISH Company, Inc ("KISH") is a California Corporation with its principal place of business in Belmont, California.

3.  KISH owns a 1% equity interest in FORTUNATO.

4.  Plaintiff KISH is the general partner of Plaintiff FORTUNATO, and has been its general partner since January 1, 2012.

5.  Plaintiff Jeannine Kilroy ("JK") is an individual residing in the county of San Mateo, State of California.

6.  JK is the owner of all of the limited partnership interests in FORTUNATO (which constitutes 99% of FORTUNATO's equity interest), since January 1, 2012.

7.  JK is the owner of 100% of the shares of KISH, and is its President.

8.  Collectively, JK, KISH and FORTUNATO are referred to herein as "PLAINTIFFS".

9.  Defendant Michael Kilroy ("MK" or "DEBTOR") is an individual residing in the county of Los Angeles, State of California.  MK is the Debtor in the Chapter 11 case filed April 13, 2015, case number 2:15-bk-15708-RK, now pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, (the "Bankruptcy Case").

10. ~~Defendant~~ San ~~Floriano~~Floriano Company, LP ("~~Floriano~~Floriano") is a limited partnership duly organized and existing under the laws of the State of California.

11. ~~Defendant~~ Todos Santos Corporation ("Todos Santos") is a California Corporation, with its principal offices in Los Angeles County, California.

12. PLAINTIFFS are informed and believe that MK owns all of the limited partnership interests of ~~FLORIANO~~Floriano which constitute 99% of the equity of ~~FLORIANO~~Floriano.

13. PLAINTIFFS are informed and believe that MK owns 100% of the shares of T̲odos Santos~~ODOS SANTOS~~, and is its President.

14. PLAINTIFFS are informed and believe that T̲odos Santos~~ODOS SANTOS~~ owns 1% of the equity interest of ~~FLORIANO~~Floriano and is ~~FLORIANO~~Floriano's general partner.

15. PLAINTIFFS are informed and believe and that at all times referenced herein, MK controls all of the operations of T̲odos Santos~~ODOS SANTOS~~, and through T̲odos Santos~~ODOS SANTOS~~, controls all of the operations of ~~FLORIANO~~Floriano.

16. ~~PLAINTIFFS are informed and believe that Defendant Grandpoint Bank ("GPB") is a business entity, whose form is unknown to Plaintiffs but who has offices in Los Angeles California and is doing business in Los Angeles, California. PLAINTIFFS are informed and~~

2

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

~~believe that in relation to the matters alleged in this complaint, Defendant GPB is a successor in interest to all of the rights and obligations of American West Bank, who is not a party to this case.~~

17. JK and MK are sister and brother.  Their parents are Eugene and Ruth Kilroy, who are not parties to this case.

## JURISDICTION AND VENUE

18. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. section 1334 and the reference order of the United States District Court for the Central District of California.  This adversary proceeding relates to the Chapter 11 case of Michael Joseph Kilroy Case # 2:15-bk-15708-RK, now pending in this Court in the Central District of California Los Angeles Division.

19. This matter is a "core proceeding" as defined in 28 U.S.C. section 157(b), or in the alternative is "related to a case under title 11" as set forth in 28 U.S.C. section 157(c).

20. Venue herein is proper pursuant to the provisions of 28 U.S.C. section 1409.

~~21. Defendant GPB has submitted a proof of claim in the Bankruptcy Case, and has voluntarily subjected itself to the jurisdiction of this Court in doing so.~~

~~22. PLAINTIFFS join in this complaint pursuant to F.R.C.P. Rule 20(a)(1) and F.R.B.P, Rule 7020 as the rights asserted herein arise out of the same transaction, occurrence or series of transactions or occurrences.~~

~~23. Defendants GPB, FLORIANO and TODOS SANTOS are joined pursuant to F.R.C.P., Rule 19(a)(1) and F.R.B.P., Rule 7019 in that in their absence, the court cannot accord complete satisfaction among the parties, and the PLAINTIFFS' claims and interests related to the subject action that are so situated that disposing of the action without GPB, TODOS SANTOS and FLORIANO as a parties, as a practical matter will impede or impair the parties' ability to protect their interests.~~

~~24. Defendants GPB, FLORIANO & TODOS SANTOS are alternatively joined pursuant to F.R.C.P., Rule 20(a)(2) and F.R.B.P., Rule 7020 in that the claims and relief requested herein arise from the same transaction or transactions and occurrence or occurrences and the action presents common questions of fact and/or law common to all defendants as to the claims against GPB, TODOS SANTOS and FLORIANO, as stated herein.~~

///

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

**FACTUAL BACKROUND**

~~25.~~21.  PLAINTIFFS are informed and believe that between December 14, 2001 and until December 31, 2011, MK was the owner of all of the limited partnership interests in FORTUNATO.

~~26.~~22.  PLAINTIFFS are informed and believe that between December 14, 2001 and until January 1, 2012, Todos Santos~~ODOS SANTOS~~ was the General Partner of FORTUNATO.

~~27.~~FORTUNATO has been the owner of the real property located at 343 Autumn Drive, San Marcos, CA, (the "Property") since it acquired the Property on December 31, 2001.  ~~The Property's legal description and Assessor's Parcel Number are attached hereto as Attachment 1.~~

~~28.~~23.  The Property consists of a 57 unit income producing apartment complex generally known as the "Mission View Apartments".

~~29.~~24.  In about November 2011 MK approached Plaintiff JK and their parents Eugene and Ruth, asking for a $2,000,000 (two million dollar) personal loan.  MK stated that the purpose of the loan was to repay substantial secured loans that had become due to Redwood Mortgage, and to resolve a pending litigation matter.  MK advised JK, and Eugene & Ruth that Redwood Mortgage was holding deeds of trust on three apartment buildings: 1) the Property (owned by FORTUNATO), 2) the "Garden View Apartments" located at 250 S. Rose Street, Escondido, CA (owned and/or controlled by MK through San Pio V Company, LP); and 3) "Jurupa Royale Apartments" located at 4747 Jurupa Royale, Riverside, CA (owned and controlled by MK through San Timoteo Company, L.P.).

~~30.~~25.  JK, Eugene & Ruth declined MK's request for a loan of $2.0M.

26. However, after some negotiation JK, Eugene and Ruth on the one hand, and MK on the other hand, agreed that MK would ***sell*** all of his interest as a limited partner in FORTUNATO to JK, Eugene and Ruth, ***and*** MK would cause Todos Santos~~ODOS SANTOS~~ to sell its 1% general partnership interest in FORTUNATO to KISH, all for the total sum of **$2,195,206** (Two-Million One Hundred Ninety Five Thousand Two Hundred and Six Dollars).

27. During November and December 2011 and in January 2012, MK represented, orally and in writing, that he would SELL all of his interest in FORTUNATO to Plaintiff JK and Eugene and Ruth.

4

31.28.  During November and December 2011 and in January 2012, MK represented, orally and in writing, that he would cause Todos Santos to SELL all of its interest in FORTUNATO to Plaintiff KISH.

32.29.  On January 1, 2012 MK did in fact sellsold all of his limited partnership equity interest FORTUNATO to JK, Eugene and Ruth for **$2,173,254** (Two Million One Hundred Seventy Three thousand Two Hundred Fifty Four Dollars).  Attached as Exhibit A is a true and correct copy of the ASSIGNMENT OF LIMITED PARTNERS INTEREST, signed by MK, JK, Eugene & Ruth.

33.30.  On January 1, 2012, MK as President and sole owner Todos SantosODOS SANTOS caused Todos SantosODOS SANTOS to sell all of its general partner equity interest in FORTUNATO to KISH for the amount of **$21,952** (Twenty One Thousand Nine Hundred Fifty two Dollars).  Attached as Exhibit B is the RESIGNATION OF GENERAL PARTNER AND ASSIGNMENT OF PARTNERSHIP INTEREST whereby MK caused Todos SantosODOS SANTOS to sell and transfer all of its interest in FORTUNATO to KISH.

34.31.  MK caused Todos SantosODOS SANTOS to resign as the general partner of FORTUNATO as of January 1, 2012, as evidenced in Exhibit B.

35.32.  From January 1, 2012 to present, MK has owned no interest in FORTUNATO, and from January 1, 2012 Todos SantosODOS SANTOS has not held any interest in or right to control the activity of FORTUNATO.

36.33.  JK, KISH and Eugene and Ruth paid valuable consideration of **$2,195,206** (Two Million One Hundred Ninety Five Thousand Two Hundred Six Dollars) to MK and/or Todos SantosODOS SANTOS, (or at their direction), for the purchase of all of MK's and Todos SantosODOS SANTOS' equity interests in FORTUNATO.  Attached as Exhibit C is evidence **$2,195,206** (Two Million One Hundred Ninety Five Thousand Two Hundred Six Dollars), in checks written by JK, KISH and/or Eugene & Ruth to Redwood Mortgage on the accounts of various loans owed by MK or entities controlled by MK, to repay loans on apartment properties owned or controlled by MK.  Exhibit C is the evidence of _actual payment_ of the purchase price for all of MK's and TODOS SANTOS's equity in FORTUNATO.

37.34.  In 2012, JK purchased from Eugene & Ruth, for $400,000, all of Eugene and Ruth's interest in FORTUNATO, effective January 1, 2012.  From January 2012 to present, JK has

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA  90802
Ph: (562) 624-1177
Fx: (562)624-1178

5

been the sole **and exclusive** owner of all of the limited partnership equity interests of
FORTUNATO (99% of the equity in that entity).

~~38.~~35.  Since January 1, 2012 KISH has been the owner of 1% of the equity in FORTUNATO
and has been and is its general partner, with the **sole and exclusive authority** to control the
activity of FORTUNATO.

~~39.~~36.  In January, 2014 MK, without the knowledge or consent of <u>Plaintiffs</u> JK, FORTUNATO
or KISH, and with the intent to defraud JK, FORTUNATO and KISH out of substantial sums
of money, did enter into a series of actions and transactions with regard to the Property as
follows.

~~40.~~37.  MK executed a Grant Deed, a copy of which is attached as Exhibit D, recorded on
January 28, 2014, recorder's instrument # 2014-0036372 purportedly on behalf of
FORTUNATO, by T<u>odos Santos</u>~~ODOS SANTOS~~, as its alleged and purported general
partner, purportedly conveying the Property from FORTUNATO to himself as an individual.

~~41.~~38.  At the time of the execution and recording of this Grant Deed (Exhibit D), MK knew that
T<u>odos Santos</u>~~ODOS SANTOS~~ was not the general partner of FORTUNATO.  MK knew that
TODOS SANTOS had resigned as FORTUNATO's general partner <u>in January 2012, two
years earlier</u> (see Exhibit B).

~~42.~~39.  At the time of the execution and recording of this Grant Deed (Exhibit D) MK knew that
he no longer owned any legal or equitable interest in FORTUNATO and that he had no
authority to act on behalf of FORTUNATO, and that neither JK, KISH nor FORTUNATO
did or would consent to any transfer of the Property from FORTUNATO to him.

~~43.~~40.  The transfer referenced in Exhibit D, constitutes: 1) an *ultra vires* act by MK, 2) forgery
(to the extent that it purports to be a valid act on behalf of FORTUANTO), 3) actual fraud,
<u>and</u> 4) ~~larceny and~~ conversion of FORTUNATO's asset~~.; 5) breach of a fiduciary duty of a
former insider of FORTUNATO, and 6) a fraudulent conveyance, all of which were done
with the intent to convert and steal the Property for MK's personal benefit.~~

~~44.~~41.  At the time of this fraud ~~and fraudulent transfer,~~ the PLAINTIFFS are informed and
believe that the Property had equity in excess of $1.5M, and that the entity FORTUNATO
therefore had value in excess of $1.5M.  ~~PLAINTIFFS allege that the purported transfer
represented in Exhibit D is *a void act, ab initio*.~~ PLAINTIFFs are informed and believe that

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

6

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

1  MK paid no consideration of any kind to FORTUNATO or any Plaintiff for this unauthorized

2  transfer.

3  45.42.  The same day, January 28, 2014 and in a subsequent but substantially contemporaneous

4  transaction, MK transferred the Property to~ Floriano~defendant FLORIANO~.  A true and

5  correct copy of the Grant Deed from MK to Floriano~SAN FLORIANO~ is attached as Exhibit

6  E, county Recorder's instrument # 2014-0036373.  The transfer from MK to

7  ~FLORIANO~Floriano was a continuing act of fraud and deceit by MK who, at the time of the

8  alleged transfer referenced in Exhibit E owned or controlled all of the limited partnership

9  equity in ~FLORIANO~Floriano and all of the equity in its general partner T̲odos Santos~ODOS
SANTOS~.

10  46.43.  Since MK's acquisition of the Property was void for the reasons stated herein, the

11  PLAINTIFFS allege that the purported transfer referenced in Exhibit E from MK to

12  ~FLORIANO~Floriano ~is void, ab initio. The transfer,~ referenced in Exhibit E, constitutes: 1)

13  forgery (to the extent that it purports to be a valid transfer from MK to ~FLORIANO~Floriano

14  of an interest in the Property), 2) actual fraud, and 3) ~larceny and~ conversion of

15  FORTUNATO's asset.  MK's transfer of the Property from himself to Floriano was in

16  furtherance of his actual fraud and intended to divest FORTUNATO of its assets, and to

17  place the Property beyond the reach of the Plaintiffs who are the rightful owners of the

18  Property.~; 4) breach of a fiduciary duty by a former insider of FORTUNATO, 5) a fraudulent~

19  ~conveyance, all of which were done with the intent to convert and steal the Property for~

~MK's and FLORIANO's personal benefit.~

20  47. *The same day*, January 28, 201~1~04, and in a concurrent and~but~ substantially

21  contemporaneous transaction, MK caused TODOS SANTOS and ~FLORIANO~Floriano to

22  enter into a borrowing transaction ~with American West Bank, defendant GPB's predecessor~

23  ~in interest,~ whereby ~FLORIANO~Floriano did borrow from American West Bank the sum of

24  $5,550,000 (Five Million Five Hundred thousand Dollars).  MK, T̲odos Santos~ODOS
SANTOS~ and ~FLORIANO~Floriano executed a Promissory Note and Deed of Trust, copies of

26  which are attached hereto as Exhibits F & G respectively, whereby ~FLORIANO~Floriano did

27  purportedly use the Property as collateral for the $5,550,000 loan from American West Bank.

Exhibit H, recorder's instrument # 2014-0036374 is the recorded Deed of Trust that purports

28  to create a lien on the Property in the amount off $5,550,000 in favor American West Bank.

7

~~Exhibit H constitutes a cloud on the title of the Property, since FLORIANO~~Floriano ~~is~~was not ~~not~~ the lawful or equitable owner of the Property ~~becuse~~and ~~FLORIANO~~Floriano's purported ownership of the Property was acquired by fraud and without the consent of the true owner of the Property, FORTUNATO. ~~PLAINTIFFS contend that the Deed of Trust referenced in Exhibit H is void, *ab initio*.~~

~~48.~~44.  At the time of this transaction, and all of the transactions that occurred on January 28, 2014 MK knew that ~~FLORIANO~~Floriano was not the owner of the Property, that it had obtained title to the Property in a series of transactions orchestrated by MK to defraud the PLAINTIFFS.  MK entered into these transactions with the intent to gain financial advantage from the Property for his own benefit through the borrowing transaction with American West Bank.

~~49.~~45.  Attached as Exhibit I is a true and correct copy of the "Borrowers Final Settlement Statement", prepared by First American Title Company on January 28, 2014.  At the time of the MK fraudulent transfers and borrowing transactions that occurred on January 28, 2014, PLAINTIFFs are informed and believe that MK and/or ~~FLORIANO~~Floriano did receive a distribution of at least **$767,184.70** (Seven Hundred Thousand One Hundred Eighty Four Dollars and Seventy Cents) from the fraudulent loan transaction described herein.

~~50.~~46.  PLAINTIFFS are informed and believe that the prior to the fraudulent transfers and borrowing transactions that occurred on January 28, 2014, FORTUNATO owed JP Morgan Chase the sum of $4,627,287.13 on a promissory note secured by the Property. As a result of the fraudulent transfers and borrowing transactions that occurred and were orchestrated by MK on January 28, 2014, the Property was purportedly no longer owned by FORTUNATO, its true owner, and was purportedly encumbered by a loan, secured by a Deed of Trust in the amount of $5,550,000.  The total equity drain on the Property is not less than **$922,712.87.**

~~51.~~47.  No PLAINTIFF received any of the benefits of this loan transaction or the distribution of funds evidenced in Exhibit I.  No PLAINTIFF consented to or had prior knowledge of the transfers or loan transaction on January 28, 2014, before they~~it~~ occurred.

48.  A result of the unauthorized fraudulent transactions described herein, PLAINTIFFS have been damaged in amount according to proof at trial, but not less than **$922,172, *and*** until such time as the Property is returned to its true owner FORTUNATO, the loss of any equity in the Property, estimated at no less than **$1.5M**, but according to proof at trial.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

49. MK has asserted in pleadings in his bankruptcy case, including but not limited to his
Disclosure Statement filed August 25, 2016 (Case # 2:15-bk-15708-RK Docket # 273, page
24 lines 3-5) that:  "Neither the Debtor nor Todos Santos sold their partnership interests in
[FORTUNATO] to [JK] or Kish.  The Debtor took a loan from [JK] secured by [MK's] and
Todos Santos' partnership interests in [FORTUNATO] in January 2012".

50. To the extent that MK contends that the relationship between himself and Todos Santos on
the one hand, and JK and KISH on the other was that of borrower and lender, not seller and
purchaser, then the representations, oral and in writing made in November and December
2011 and in January 2012 by MK to PLAINTIFFS, including but not limited to the signing of
Exhibits A and B were made with false pretenses, and constituted false representations.

51. JK, individually and on behalf of KISH relied on the representations of MK that he was
SERLLING his interest in FORTUNATO to her, and on his representation as the President of
Todos Santos that Todos Santos was selling its interest in FORTUNATO to KISH.

52. Had JK or KISH known that MK intended the purchase transactions to be a "loan" they
would not have paid the total sum of **$2,195,206** to MK in January 2012.

53. As a result of the unauthorized and fraudulent transactions described herein, the Plaintiff
FORTUNATO requires a judgment that includes a judicial declaration to void all of the
unauthorized and fraudulent transactions which occurred on or about January 28, 2014, and
to return marketable title to the Property to its true owner, FORTUNATO.

54. As a result of the unauthorized and fraudulent transactions described herein, PLAINTIFFS
require a judgement and judicial declaration that Plaintiffs JK and KISH (and not MK and/or
TODOS SANTOS) are the owners of all of the equity interests in FORTUNATO.  MK has,
as alleged in more detail below, listed an ownership interest in FORTUNATO on his
Schedules in the Bankruptcy Case.

55. PLAINTIFFS are informed and believe that Defendant GPB is the successor in interest to all
of the rights and title and interest, and all of the obligations of, and is subject to any defenses
and claims by PLAINTIFFS that exist against American West Bank, that relate to the
transactions described in this complaint or to the Promissory Note or Deed of Trust set forth
in Exhibits G & H.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

9

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

56. PLAINTIFFS are informed and believe that American West Bank, with the exercise of reasonable care and diligence should have known that TODOS SANTOS was not the general partner of FORTUNATO on January 28, 2014.

57. PLAINTIFFS are informed and believe that American West Bank with the exercise of reasonable care and diligence should have known that TODOS SANTOS did not have the authority to transfer the Property from FORTUNATO to MK on January 28, 2014.

58. PLAINTIFFS are informed and believe that American West Bank, with the exercise of reasonable care and diligence should have known that MK did not have the authority to transfer the Property to FLORIANO on January 28, 2014.

59. PLAINTIFFS are informed and believe that American West Bank, with the exercise of reasonable care and diligence should have known that, the lending transaction that American West Bank entered into with FLORIANO was a sham and a fraud on the true owner of the Property, FORTUNATO, and its owners Plaintiffs JK and KISH.

60. As a result of the negligent, unauthorized and fraudulent transactions described herein, PLAINTIFFS require a judgment and judicial declaration against Defendant GPB that the alleged loan in favor of American West Bank and its successor defendant GPB is void, or such relief as the court deems is proper according to proof at trial, in order to return the PLAINTIFFS to their position before the fraudulent and/or unauthorized transactions that occurred on or about January 28, 2015.

61. PLANTIFFS acknowledge that to the extent that the American West Bank loan transaction paid off a valid pre-existing lien on the Property, (estimated at $4,627,287.13) GPB as successor to American West bank is entitled to an equitable lien on the Property upon its transfer back to FORTUNATO.

**MICHAEL KILROY'S FALSE STATEMENTS IN BANKRUPTCY**

62. PLAINTIFFS are informed and believe that in conjunction with the Bankruptcy Case MK has made the following false statements under oath with the intent to deceive the Court and creditors:

   a. In Schedule B, #14, MK represents that he is the owner of FORTUNATO. That statement is FALSE;

   b. In SFA # 3.a. (Doc 42, Page 41 of 46) MK represents that he has not repaid any loans within 90 days of the Bankruptcy Case. That statement is FALSE. According to

10

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

creditor Christopher A. Strong, ('C.A Strong') as evidenced by Proof of Claim #9, MK repaid a substantial loan in the amount of $436,990.60 on the same day he filed the Bankruptcy Case;

c.  At his Meeting of Creditors, conducted June 4, 2015, and while under oath, MK testified that he had not sold any interest in FORTUNATO prior to the Bankruptcy Case.  That statement was FALSE.

d.  At his Meeting of Creditors, conducted June 4, 2015, and while under oath, MK testified that TODOS SANTOS is the general partner of FORTUNATO.  That statement was FALSE.

e.  At his Meeting of Creditors, conducted June 4, 2015, and while under oath, MK testified that FLORIANO is the true owner of the Property.  That statement was FALSE;

f.  The PLAINTIFFS have only just commenced their investigation and discovery into the facts and circumstances of the case in relation to the Debtor's sworn testimony in schedules and statements and at court proceedings.  The PLAINTIFFS reserve the right to supplement the factual description of facts to support legal claims described below related to the Debtor's false statements related to this bankruptcy.

## FIRST CAUSE OF ACTION

(Against MK, For Non-Dischargeability of Debt Pursuant to 11 U.S.C. section 523(a)(2)(A))

63.53.  PLAINTIFFS reallege paragraphs 1-5262 as set forth fully herein at length.

54. As described herein, On January 28, 2014 MK obtained the Property by actual fraud.  He caused the Property to be allegedly transferred from FORTUNATO to himself, knowing that Todos Santos sold its interest in FORTUNATO to KISH and Todos Santos had resigned as the general partner of FORTUNATO two years earlier.  He caused the Property to be allegedly transferred from FORTUNATO to himself, knowing that he had sold all of his limited partnership interests to JK, two years earlier.

55. Any subsequent transfers of the Property and borrowing transactions related to the Property as set forth herein were done in furtherance of MK's actual fraud.

56. PLAITIFFS have been damaged to the extent that the value of the Property, including its profits have been fraudulently appropriated by MK, in an amount according to proof at trial.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

57. PLAINTIFFS are concurrently seeking return of the title to the Property to FORTUNATO in the Superior Court of the County of San Diego.

64. money, property or a refinancing of credit from PLAINTIFFS by false pretenses, a false representation and/or actual fraud.

58. PLAINTIFFS are entitled to a judgment pursuant to 11 U.S.C. section 523(a)(2)(A) in the amount of the value of the Property at trial less encumbrances that existed at the time of MK's fraudulent transfer of the Property to himself then Floriano, in amount to be determined at trail, and including declaratory relief and quiet title as to the ownership of the Property, AND/OR a money judgment in an amount according to proof at trial as to the financial equity drain on the Property, and that such debt is determined not discharged.

## SECOND CAUSE OF ACTION

(Against MK, For Non-Dischargeability of Debt Pursuant to 11 U.S.C. section 523(a)(2)(A))

59. PLAINTIFFS reallege paragraphs 1-52 as set forth fully herein at length.

60. MK has asserted that the January 2012 transactions between himself and Todos Santos on the one hand and JK and KISH on the other were that of borrower and lender. JK and KISH deny that the relationship was that of borrower and lender.

61. If MK intended that the transactions in January 2012 were to be that of lender and borrower, then his representations in November and December 2011 and January 2012 to JK and KISH that MK and Todos Santos were selling to JK and KISH their interest(s) in FORTUNATO, were false, were known to be false by MK when made, and made by MK with the intent to deceive and defraud JK and KISH.

62. In reliance on the false pretenses and false representations of MK, JK and KISH did pay to MK and Todos Santos, in January 2012 the sum of **$2,195,206** (Two-Million One Hundred Ninety Five Thousand Two Hundred and Six Dollars).

65.63. PLAINTIFFS are entitled to a judgment pursuant to 11 U.S.C. section 523(a)(2)(A) in the amount of **$2,195,206** (Two-Million One Hundred Ninety Five Thousand Two Hundred and Six Dollars), and that such debt is to be determined to be not discharged pursuant to 11 U.S.C. section 523(a)(2)(A).

## SECOND CAUSE OF ACTION

(Against MK For Non-Dischargeability of Debt Pursuant to 11 U.S.C. section 523(a)(4))

66. PLAINTIFFS reallege paragraphs 1-62 as set forth fully herein at length.

12

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

1  ~~67. MK's conduct, as alleged herein constitutes fraud or defalcation while acting in a fiduciary~~
2  ~~capacity. Particularly, as a~~ **~~former~~** ~~owner of FORTUNATO, MK owed a continuing~~
3  ~~fiduciary responsibility to FORTUNATO not act as its owner or directly or indirectly cause~~
4  ~~FORTUNATO harm based on his former relationship as an owner of FORTUNATO, after~~
5  ~~his sale of his interest in that entity to the PLAINTIFFS. MK breached that fiduciary duty in~~
6  ~~doing the things herein alleged. If MK is determined to have been acting, directly or~~
7  ~~indirectly as an authorized agent of FORTUNATO as of January 28, 2014, then the purported~~
8  ~~transfer of the Property from FORTUNATO to MK on January 28, 2014 was a breach of the~~
9  ~~MK's fiduciary duty to FORTUNATO, insofar as the debtor transferred substantially all of~~
10 ~~the assets of FORTUNATO to himself, then to FLORIANO, leaving FORTUNATO's~~
11 ~~purported creditors (including the Plaintiffs if they are found to be creditors), with no~~
   ~~equitable remedy as to their claims.~~

12 ~~68. MK's conduct, as herein alleged also constitutes embezzlement and/or larceny from~~
13 ~~FORTUNATO.~~

14 ~~69. PLAINTIFFS are entitled to a judgment pursuant to 11 U.S.C. section 523(a)(4) including a~~
15 ~~money judgment in an amount according to proof at trial, and that the debt is determined not~~
16 ~~discharged.~~

17 **~~THIRD CAUSE OF ACTION~~**
   ~~(Against MK For Non-Dischargeability of Debt Pursuant to 11 U.S.C. section 523(a)(6))~~
18 ~~70. PLAINTIFFS reallege paragraphs 1-62 as set forth fully herein at length.~~

19 ~~71. MK's conduct as described herein was willful and malicious and caused direct injury to the~~
20 ~~PLAINTIFFS and or property of the PLAINTIFFS.~~

21 ~~72. PLAINTIFFS are entitled to a judgment pursuant to 11 U.S.C. section 523(a)(6) including a~~
22 ~~money judgment in an amount according to proof at trial, and that the debt is determined not~~
23 ~~discharged.~~

24 **~~FOURTH CAUSE OF ACTION~~**
25 ~~(Against MK For Denial of Debtor's Discharge Pursuant to 11 U.S.C. section 727(a)(4)(A))~~
   ~~73. PLAINTIFFS reallege paragraphs 1-62 as set forth fully herein at length.~~
26
27 ~~74. The DEBTOR has knowingly and fraudulently, in or in connection with the Bankruptcy Case~~
   ~~made a false oath or account.~~
28

13

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

75. PLAINTIFFS seek a determination that the DEBTOR is therefore not entitled to a discharge pursuant to 11 U.S.C. section 727(a)(4)(A).

### FIFTH CAUSE OF ACTION

(Against MK, FLORIANO, and TODOS SANTOS and GRANDPOINT to Set Aside Fraudulent Transfers Cal. Civ. Code Section 3439.04 and/or 11 U.S.C. section 548)

76. PLAINTIFFS reallege paragraphs 1-61 as set forth fully herein at length.

77. Plaintiff FORTUNATO is not owned or controlled directly or indirectly by MK after January 1, 2012.

78. MK, individually and in his capacity as an officer of TODOS SANTOS did engage in a fraudulent scheme to purportedly transfer the Property from FORTUNATO to himself on or about January 28, 2014, for no value and with no consideration paid to FORTUNATO. That transfer was done with the actual intent to hinder delay or defraud creditors of MK.

79. After obtaining purported title to the Property by fraudulent means or about January 28, 2014, MK did transfer Plaintiff FORTUNATO's real estate, consisting of the Property from himself to FLORIANO. The transfer of the Property by MK to FLORIANO was done with the actual intent to hinder, delay or defraud creditors of MK.

80. Both the transfer of the Property from FORTUNATO to MK and the same day subsequent transfer of the Property by MK to FLORIANO were each without receiving a reasonably equivalent value in exchange for such transfers and was either:

    a. Done when MK was engaged or about to engage in a transaction or business for which MK's remaining assets were unreasonably small in relation to the business or transaction; or

    b. At a time which MK intended to incur or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due;

80. PLAINTIFFS are entitled to an order pursuant to *Cal. Code, Civ. Procedure* section 3439.07 or 11 U.S.C. section 548 avoiding the transfers from FORTUNATO to MKI and/or from MK to FLORIANO, and such other remedies as are provided by law.

81. Defendant GPB is a necessary and indispensible party to this cause of action as a party with a purported recorded security interest in the Property subject to the transfer, as herein described.

14

82. ~~PLAINTIFFS seek declaratory relief to avoid the imposition of a lien on the Property by GPB to the extent that such lien was not authorized by the true and rightful owner of the Property. To the extent required by law, PLAINTIFFS will seek permission to pursue claims based on 11 U.S.C. section 548 on behalf of the estate, where the debtor acting as debtor-in-possession and trustee in a Chapter 11 case pursuant to 11 U.S.C. section 1107, the Plaintiffs will promptly do so.~~

## ~~SIXTH CAUSE OF ACTION~~

~~(Against MK, TODOS SANTOS and GPB to determine the Validity of an Interest In Property Pursuant to F.R.B.P Rule 7001(2))~~

83. ~~PLAINTIFFS reallege paragraphs 1-62 as set forth fully herein at length.~~

84. ~~MK has listed that he is the owner of an interest in FORTUNATO in his bankruptcy petition as of the Petition Date April 13, 2015.~~

85. ~~MK has listed in his schedules or otherwise testified in the Bankruptcy Case that TODOS SANTOS owns a general partnership interest in FORTUNATO. MK has listed TODOS SANTOS as an asset in the Bankruptcy Case.~~

86. ~~MK is NOT an owner of any interest in FORTUNATO, after January 1, 2012.~~

87. ~~TODOS SANTOS is NOT the owner of any interest in FORTUNATO and not a General partner of FORTUNATO, after January 1, 2012.~~

88. ~~PLAINTIFFS require a determination pursuant to F.R.B.P. 7001(2) to determine the validity of the DEBTOR's and/or the estate's interest, if any, in FORTUNATO.~~

89. ~~Defendant GPB is a necessary and indispensible party to this cause of action as a party with a purported recorded security interest in the Property subject to the transfer, as herein described.~~

90. ~~PLAINTIFFS seek declaratory relief to avoid the imposition of a lien on the Property by GPB to the extent that such lien was not authorized by the true and rightful owner of the Property.~~

## ~~SEVENTH CAUSE OF ACTION~~

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

(Against MK, FLORIANO, TODOS SANTOS and GPB To Quiet Title in Property

Obtained By Fraud)

91. PLAINTIFFS reallege paragraphs 1-62 as set forth fully herein at length.

92. FLORIANO and TODOS SANTOS obtained a purported equity interest(s) in the Property by way of a fraudulent scheme and/or forgery as described herein. MK has listed FLORIANO as an asset in his bankruptcy case and has falsely testified that it owns the Property.

93. PLAINTIFFS require a judicial declaration to quiet title in the Property in favor of FORTUNATO, and against any claims of ownership by MK, TODOS SANTOS or FLORIANO.

94. Defendant GPB is a necessary and indispensible party to this cause of action as a party with a purported recorded security interest in the Property subject to the transfer, as herein described.

95. PLAINTIFFS seek declaratory relief to avoid the imposition of a lien on the Property by GPB to the extent that such lien was not authorized by the true and rightful owner of the Property.

### EIGHTH CAUSE OF ACTION

(Against GPB To Quiet Title in Property Based on Negligence)

96. PLAINTIFFS reallege paragraphs 1-62 as set forth fully herein at length.

97. As described in detail herein, GPB's predecessor was negligent in that it did not identify, prior to placing a $5,550,000 purported lien on the Property, that neither MK nor TODOS SANTOS were authorized to act on behalf of FORTUNATO to transfer the Property to themselves.

98. As a direct and proximate result of the negligence of GPB's predecessor, the PLAINTIFFS have been damaged as herein alleged.

99. PLAINTIFFS seek a judicial determination that the Deed of Trust referenced in Exhibit H is void as a result of the negligence of GPB's predecessor.

100.    PLAINTIFFS admit that GPB is entitled to an equitable lien on the Property, to the extent that its predecessor paid a valid pre-existing loan on the Property.

101.    PLAINTIFFS allege that that such equitable lien is worth no more than $4,627,287.13.

### NINTH CAUSE OF ACTION

16

(Against MK, FLORIANO and TODOS SANTOS Set Aside Transfers And To Quiet Title
Based on Ultra Vires Acts)

102.    Plaintiff FORTUNATO is not owned or controlled directly or indirectly by MK after
January 1, 2012.

103.    TODOS SANTOS is not the general partner of FORTUNATO, after January 1, 2012.

104.    On January 28, 2014 MK, individually and in his capacity as an officer of TODOS
SANTOS did cause TODOS SANTOS to execute a Grant Deed purporting to transfer the
Property from FORTUNATO to MK.

105.    TODOS SANTOS lacked the authority to act on behalf of FORTUNATO at the time of
the purported transfer of the Property to MK, and that transfer is void as a matter of law as
being an *ultra vires* act on behalf of FORTUNATO.  All subsequent purported transfers of
the Property are void as the initial transfer is void.

106.    An actual controversy now exists between Plaintiffs, and defendants as to the validity of
the purported transfer of the Property from FORTUNATO to MK, and purported subsequent
transfer(s) of the Property.

107.    Plaintiffs, as the true owners of the Property require a declaration of the court and
judgment for declaratory relief that the purported transfer of the Property from
FORTUNATO to MK and any subsequent transfers of the property are void as a matter of
law, and to quiet title to the property in favor of the Plaintiffs.

WHEREFORE, PLAINTFFS seek judgment against Defendant MKDEFENDANTS as
follows:

On the First and , SecondSecond and Third Causess of Action:

    1.    For a money judgment against Defendant MK in an amount according to proof at
        trial;

    2.    For a determination that said money judgment is not dischargeable pursuant to 11
        U.S.C. 523;

    3.    For such other relief as the Court deems just and proper;

On the Fourth Cause of Action:

    1.    For a judgment and determination pursuant to 11 U.S.C. section 727 that the Debtor
        is not entitled to a discharge;

    2.    For such other relief as the Court deems just and proper;

On the Fifth Cause of Action:

    1.  Declaratory Judgment in favor of PLAINTIFFS and against all Defendants that all of the transfers that purportedly took place on January 28, 2014 as described above are VOID;

    2.  Declaratory Judgment in favor of PLAINTIFFS that FORTUNATO is the owner of the property, and quieting title against any adverse claims of any Defendant regarding the Property

    3.  Granting an equitable lien on the property in favor of Defendant GPB in an amount not to exceed $4,627,287.13;

    4.  For such other relief as the Court deems just and proper;

On the Sixth Cause of Action:

    1.  Declaratory Judgment in favor of PLAINTIFFS that MK and TODOS SANTOS own no interest in FORTUNATO and that FORTUNATO is owned by Plaintiffs JK and KISH, and that the bankruptcy estate has no interest in FORTUNATO;

    2.  Granting an equitable lien on the property in favor of Defendant GPB in an amount not to exceed $4,627,287.13;

    3.  For such other relief as the Court deems just and proper;

On the Seventh Cause of Action:

    1.  Declaratory Judgment in favor of PLAINTIFFS and against all Defendants that all of the transfers that purportedly took place on January 28, 2014 as described above are VOID;

    2.  Declaratory Judgment in favor of PLAINTIFFS that FORTUNATO is the owner of the property, and quieting title against any adverse claims of any Defendant regarding the Property

    3.  Granting an equitable lien on the property in favor of Defendant GPB in an amount not to exceed $4,627,287.13;

    4.  For such other relief as the Court deems just and proper;

    5.  For such other relief as the Court deems just and proper;

On the Eighth Cause of Action

    1.  Declaratory Judgment in favor of PLAINTIFFS and against all GPB declaring VOID the purported lien placed on the Property as set forth in Exhibit H;

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

18

2.  Granting an equitable lien on the property in favor of Defendant GPB in an amount
    not to exceed $4,627,287.13;

3.  For such other relief as the Court deems just and proper;

On the Ninth Cause of Action

4.  Declaratory Judgment in favor of PLAINTIFFS and against all Defendants except
    GPB declaring VOID the purported transfers of the Property that occurred January
    28, 2014;

5.  Granting an equitable lien on the property in favor of Defendant GPB in an amount
    not to exceed $4,627,287.13, and avoiding any other liens by GPB or its predecessor;

6.  For such other relief as the Court deems just and proper;


CURD, GALINDO & SMITH


By:  Jeffrey B. Smith, Attorney for PLAINTIFFS

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562)624-1178

First Amended Complaint