**FILED & ENTERED**

**NOV 21 2016**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>MICHAEL JOSEPH KILROY,<br><br>Debtor. | Case No. 2:15-bk-15708-RK<br><br>Chapter 11<br><br>Adv. No. 2:16-ap-01273-RK |
| SAN FORTUNATO COMPANY, LP, a California Limited Partnership; KISH COMPANY, INC., a California Corporation, its General Partner; JEANNINE M. KILROY, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL JOSEPH KILROY, an individual; SAN FLORIANO COMPANY, LP, a California Limited Partnership; TODOS SANTOS CORPORATION, a California Corporation; GRANDPOINT BANK, a business entity, form unknown<br><br>Defendants. | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED ADVERSARY COMPLAINT** |

Pending before the court is the motion of plaintiffs San Fortunato Company, LP, Kish Company, Inc., and Jeannine M. Kilroy for leave to file first amended adversary complaint, which was noticed for hearing before the court on November 30, 2016 at

1. 11:00 a.m.  Plaintiffs are represented by Jeffrey B. Smith, of the law firm of Curd, Galindo & Smith, L.L.P.  Defendant Michael Joseph Kilroy was the only party to file a timely opposition to the motion.  Defendant is represented by David L. Neale and John-Patrick M. Fritz, of the law firm of Levene, Neale, Bender, Yoo & Brill, L.L.P.

Having considered the moving and opposing parties, pursuant to Local Bankruptcy Rule 9013-1(j)(3), the court determines that oral argument on the motion is not necessary, dispenses with oral argument on the motion, vacates the hearing on the motion, takes the motion under submission and rules as follows.

The court grants the motion for the reasons stated herein.  As Federal Rule of Civil Procedure 15(a)(2), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7015, states, "The court should freely give leave when justice so requires."  Defendant would have the court grant his motion to dismiss the original complaint without leave to amend on grounds of futility.  Having reviewed the first amended complaint attached to the motion, the court determines that amendment of the complaint would not be futile, and normally, a plaintiff should be given at least one more chance to amend the complaint before any dismissal of the action with prejudice. *National Council of La Raza v. Chegavske,* 800 F.3d 1032, 1041 (9th Cir. 2015)(citations omitted).

Accordingly, the court rules as follows:

1. Plaintiffs' motion for leave to file first amended adversary complaint is granted.
2. Plaintiffs must file a signed first amended adversary complaint with the court on or before November 28, 2016.
3. Defendants must serve their answer or other response to the first amended adversary complaint on or before December 16, 2016.
4. The court on its own motion continues the status conference in this adversary proceeding on November 30, 2016 at 11:00 a.m. to January 31, 2017 at 1:30 p.m.  A joint status report must be filed by January 24, 2017.

5.  The hearing on the motion and the status conference in this adversary proceeding on November 30, 2016 is vacated, and no appearances are required on the motion and at the status conference on that date.

IT IS SO ORDERED.

###

Date: November 21, 2016

Robert Kwan
United States Bankruptcy Judge